**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL WEST, | : |
| Petitioner, | : Civil Action No. 13-5339 (CCC) |
| v. | : **OPINION** |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

**CECCHI, District Judge:**

*Pro se* Petitioner Michael West, confined at the Federal Correctional Institution in Fort Dix, New Jersey, has filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion"), challenging a judgment imposed by this Court in *United States v. West*, No. 12-cr-0332, ECF No. 33 (D.N.J. entered Feb. 22, 2013) ("Crim. Dkt."), for child pornography offenses. For the reasons stated below, the Court denies the Motion.

## I. FACTUAL BACKGROUND

On February 22, 2013, pursuant to a guilty plea, this Court issued a judgment of conviction against Petitioner for one count of knowing distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and one count of knowing possession of child pornography, in violation of 18 U.S.C § 2252A(a)(5)(B). (Crim. Dkt., ECF No. 33.) At the plea hearing, the Court conducted a careful plea colloquy with Petitioner to ensure that he entered into the plea agreement, knowingly, intelligently, and voluntarily. (*See* ECF No. 42-4 at 6-20, 25-26.)

At the sentencing hearing, it was revealed that the probation officer had recommended an offense level significantly higher than what was agreed to in the plea agreement, resulting in a

recommended sentence of 121 to 151 months. (ECF No. 42-5 at 9.) However, based on the offense level agreed to in the plea agreement, the guidelines sentence was 78 to 97 months. (*Id.* at 8-9.) The Court honored the plea agreement, and disregarded the recommended sentence. (*Id.*) After considering the § 3553(a) factors, the Court imposed a sentence of 95 months. (*Id.* at 21-23.)

Petitioner subsequently filed an appeal with the Third Circuit, *United States of America v. Michael West*, 13-3516, (3d Cir.). Defendant then moved to voluntarily withdraw the appeal, and on October 25, 2013, the appeal was dismissed.

## II. STANDARD OF REVIEW

A prisoner in federal custody under sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" upon three grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" or (3) "that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982), *cited in United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014). In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted). "It is the policy of the courts to give a liberal construction to *pro se* habeas petitions." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citation omitted). The Court may dismiss the motion without holding an

evidentiary hearing if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. *See* 28 U.S.C. § 2255(b); *Liu v. United States*, No. 11–4646, 2013 WL 4538293, at *9 (D.N.J. Aug. 26, 2013) (citing *Booth*, 432 F.3d at 545–46).

### III. DISCUSSION

The Motion contains five grounds for relief:[1] (1) Petitioner's trial counsel was ineffective for failing to suppress evidence obtained during a search of his home on the basis that the search warrant was invalid; (2) counsel was ineffective for failing to challenge information used in the pre-sentencing investigation report ("PSR") as improper; (3) counsel was ineffective for failing to inform him about the full extent of his waiver of rights; (4) counsel was ineffective for failing to discover that prosecution was malicious and baseless; (5) the plea agreement was invalid because, had counsel properly investigated the above claims and informed Petitioner of the potential defenses, Petitioner would not have pled guilty. The Court construes Grounds One and Four as raising claims regarding constitutional violations that occurred prior to the plea agreement, Grounds Three and Five as raising claims regarding the validity of the plea agreement itself, and Ground Two as raising a claim regarding a constitutional violation that occurred after the plea agreement has been entered. The Court will address the claims regarding the validity of the plea agreement itself first, as it affects Petitioner's right of relief in the other claims.

---

[1] After the initial motion was filed, the Court advised Petitioner of his obligation to raise all grounds for relief in the instant motion, and any claims not raised will be deemed waived. (ECF No. 5.) Thereafter, Petitioner twice amended the Motion. (*See* ECF Nos. 6, 24 & 25.) The Court's analysis of the Motion is based upon a review of the last amended pleading, relying on Petitioner's representation that "[t]hese amended and supplemental claims are the ones that will set precedence from here on during the Petitioner's litigation of his § 2255 Motion. The claims raised in his original 2255 Motion/ application are void and stricken out as claims." (ECF No. 24 at 3-4.)

3

### A. Standard of Review for Ineffective Assistance of Counsel

The Sixth Amendment guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. *Id.* at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors fell "below an objective standard of reasonableness[.]" *Hinton v. Alabama*, 134 S. Ct. 1081, 1083 (2014) (per curiam). To satisfy the second prong, prejudice, the defendant must show that "there is a reasonable probability that the result of the [case] would have been different absent the deficient act or omission." *Id.* To establish prejudice, "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Strickland*, 466 U.S. at 693.[2]

### B. Grounds Three and Five: Ineffective Assistance of Counsel During Plea Negotiations

In Grounds Three and Five, Petitioner appears to argue that his guilty plea was not knowing and voluntary, because counsel had failed to advise Petitioner (a) of the exact scope of the rights

---

[2]     The reasonable probability standard is less demanding than the preponderance of the evidence standard. *See Nix v. Whiteside*, 475 U.S. 157, 175 (1986); *Baker v. Barbo*, 177 F.3d 149, 154 (3d Cir. 1999).

4

waived by entering the plea, and (b) that evidence seized during the execution of a warrant to search his home was inadmissible, because the search warrant itself was invalid. Petitioner asserts that had he been properly advised by counsel, he would not have pled guilty.

The same two-part *Strickland* standard, described above, is applicable to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). In the plea context, "counsel is required to give a defendant enough information to make a reasonably informed decision whether to accept a plea offer." *United States v. Bui*, 795 F.3d 363, 367 (3d Cir. 2014) (citation omitted). The defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Jesus-Nunez*, 576 F. App'x 103, 106 (3d Cir. 2014) (quoting *Hill*, 474 U.S. at 59).

Here, Petitioner first makes a generalized argument that counsel failed to inform him of the full consequences of entering the plea agreement and the rights that he gave up in doing so. That claim fails because Petitioner was in fact informed of the full consequences of the agreement. In *United States v. Fazio*, the Third Circuit held that in the plea context, a petitioner is entitled to be adequately informed regarding the consequences of a plea agreement, either by counsel or other means. 795 F.3d 421, 428 (2015). So even if the petitioner can establish that counsel had initially failed to inform him of the full consequences, that defect can be cured when the plea agreement itself was explicit regarding those consequences, or when the district court independently informed the petitioner of those consequences by, for example, conducting an adequate plea colloquy. *Id.*

As cited above, the plea agreement, which Petitioner signed, was explicit regarding its consequences. Furthermore, in the agreement, Petitioner explicitly signed a declaration stating that:

5

> I have received this letter from my attorney, Carol Gillen, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, immigration consequences, and registration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.

(Crim. Dkt., ECF No. 29 at 8.) While Petitioner now argues that counsel only informed him of the consequences regarding appeal, the plea agreement specifically mentioned collateral attacks, including a motion under § 2255, registration requirements, and other restrictions and forfeiture requirements. (*Id.* at 4, 11.) Further, at the plea hearing, Petitioner was thoroughly questioned regarding his understanding about the consequences of the plea agreement. By way of example, he stated that he understood that by entering the plea agreement he gave up his rights to a trial by jury or by a court without a jury (ECF No. 42-4 at 17-18), his rights to confront witnesses and cross-examine his accusers in open court (*id.* at 18), and his right to be represented by an attorney at trial (*id.*) He was further informed that the agreement contained a "waiver [of] appeal and post sentencing rights as well as potential immigration consequences[.]" (ECF No. 42-4 at 5.) The record reflects that Petitioner was informed by counsel of the consequences of the plea agreement and he acknowledged that he understood those consequences after having discussed them with counsel. As such, the Court finds that Petitioner cannot establish ineffective assistance of counsel on this ground.

With regard to the claim that counsel failed to inform Petitioner that the search warrant was invalid, the exact basis of Petitioner's claim is unclear. It appears that he contends the search warrant was invalid because the government allegedly initiated prosecution based on a fabricated investigation into whether the Petitioner committed sexual molestation. Although there appears to have been a brief investigation regarding a potential claim of sexual molestation, based on Petitioner's submissions, it appears that this investigation arose and occurred after the issuance of

6

the search warrant. (*Compare* ECF No. 42-1 (search warrant dated October 18, 2010), *with* ECF No. 24 (Petitioner's filing indicating potential claim of sexual molestation was raised on October 19, 2010)). Petitioner does not appear to have articulated any substantive basis for his claim that the government fabricated a claim of sexual molestation in order to justify a baseless search warrant.

To the contrary, the search warrant was amply supported by probable cause. The search warrant detailed an investigation by the prosecution into the internet traffic of an individual who went by the username of "manboy80." (ECF No. 42-1 at 22.) The analysis of the internet traffic revealed that files containing child pornography were sent and received by this individual. (*Id.*) Further investigation revealed an IP address from where the internet traffic originated, and using records provided by Verizon, the prosecution was able to determine the physical location assigned to the IP address—a residence belonging to one Vera Y. West, presumably Petitioner's mother. (*Id.* at 23.) Indeed, in an abundance of caution, the prosecution verified its findings on two other occasions by additional monitoring of manboy80's internet traffic, which yielded the same results. (*Id.* at 23-26.) Although the search warrant made mention of Petitioner, stating that the public record and his driver's license both indicted he lived at the same address as Vera West, the warrant itself only authorized a search of the premises, without regard to any property that may or may not have belonged to Petitioner personally. (*See id.* at 3-5.) Importantly, the search warrant makes no mention of a sexual molestation investigation. Based on these facts, the Court cannot find that the search warrant lacked probable cause—the prosecution had information to believe that child pornography was being exchanged through an internet device located at the subject premises, and the search warrant was issued to search said premises.

"The Attorney General and United States Attorneys retain 'broad discretion' to enforce the Nation's criminal laws." *United States v. Armstrong*, 517 U.S. 456, 464 (1996). "As a result, the presumption of regularity supports their prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *Id.* (citations and quotations omitted). "In the ordinary case, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Id.* (citations and quotations omitted).

Furthermore, Petitioner has not established that prior to the issuance of the search warrant, the prosecution had obtained any information in violation of the Constitution or federal law. "Federal courts have uniformly held that 'subscriber information provided to an internet provider is not protected by the Fourth Amendment's privacy expectation' because it is voluntarily conveyed to third parties." *United States v. Christie*, 624 F.3d 558, 573-74 (3d Cir. 2010) (quoting *United States v. Perrine*, 518 F.3d 1196, 1204 (10th Cir. 2008)). As such, to the extent Petitioner is arguing that the information relied on to obtain the search warrant was itself unconstitutionally acquired, and therefore all evidence obtained through the search warrant was inadmissible as the "fruit of the poisonous tree," that argument lacks merit. Petitioner also makes mention of the prosecution's questioning of his brother, allegedly without consent. (ECF No. 24 at 2.) However, the prosecution's questioning of a third party does not implicate a defendant's Fourth Amendment rights. "To invoke the Fourth Amendment's exclusionary rule, a defendant must demonstrate that his own Fourth Amendment rights were violated by the challenged search or seizure." *United States v. Stearn*, 597 F.3d 540, 551 (3d Cir. 2010) (citing *Rakas v. Illinois*, 439 U.S. 128, 132-34

8

(1978)). "[A] defendant's Fourth Amendment rights are not violated by the introduction of evidence obtained in violation of a third party's rights." *Id.*

Given the foregoing, Petitioner's argument that defense counsel failed to investigate the possibility of suppressing evidence obtained through the search warrant and was therefore ineffective is without merit. Likewise, the Court cannot find that counsel ineffectively failed to advise Petitioner on that issue. Petitioner fails to establish that there is a reasonable probability, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Instead, the Court finds that Petitioner's guilty plea was knowing and voluntary, and relief on these grounds is denied.

### C. Grounds One and Four: Ineffective Assistance of Counsel Regarding Pre-Plea Conduct

Having found that the plea agreement was knowing and voluntary, Petitioner's claims regarding counsel's ineffective assistance that occurred prior to the plea negotiations are deemed waived. When a defendant enters into a counseled, intelligent, and voluntary plea agreement, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see United States v. Whitmer*, 505 F. App'x 167, 173 (3d Cir. 2012). By pleading guilty, not only did Petitioner waive his right to raise any affirmative defenses at trial, he also waived any potential ineffective assistance of counsel claims relating to the counsel's failure to discover those defenses prior to the guilty plea. *See Miller v. Janecka*, 558 F. App'x 800, 803 (10th Cir. 2014) (finding a claim of inadequate investigation by counsel prior to the plea, which did not challenge the validity of the plea itself, was waived); *Ghani v. Holder*, 557 F.3d 836, 839 (7th Cir. 2009) (ineffective assistance of counsel claim, alleging counsel's failure to raise an affirmative defense based on the lack of an indictment, waived by guilty plea because it did not challenge the voluntary and

9

intelligent nature of the plea itself); *Lupinacci v. New Jersey*, No. 13-5578, 2015 WL 505880, at *4 (D.N.J. Feb. 6, 2015) (holding that *Tollett* barred claims of ineffective assistance of counsel that occurred prior to the plea agreement and were not related to the voluntary nature of the plea).

Here, both Grounds One and Four concern counsel's alleged failures to raise or discover potential defenses prior to the guilty plea. Pursuant to *Tollett*, Petitioner waived those constitutional claims when he plead guilty and admitted to factual guilt. If Petitioner truly believed that he was innocent of his crime, and wished to challenge the indictment at trial to prove his innocence, he could have simply chosen to reject the plea agreement. "[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." *Menna v. New York*, 423 U.S. 61, 62 n.2 (1975) (per curiam). Thus, relief on these grounds is denied.

### D. Ground Two: Ineffective Assistance of Counsel Regarding Post-Plea Conduct

Finally, the Court addresses Petitioner's claim that counsel was ineffective during sentencing, for failing to challenge information included in the PSR. Again, it is unclear what Petitioner's argument is. In his reply, Petitioner cryptically states that "[t]he sentencing guidelines recommended a sentence of 78-97 months' imprisonment based on a criminal history category of 1 and a guidelines level of 28. Although defense counsel argued for 78 months West is serving 124 months not the 95 as agreed breaching the Plea contract[.]" (ECF No. 43 at 5.) However, the Court *did* sentence Petitioner to 95 months' imprisonment, while in the presence of Petitioner himself. (*See* ECF No. 42-5 at 23-24.) Indeed, as stated above, the Court expressly rejected the recommendation of the PSR for a harsher sentence, and instead chose to honor the plea agreement.

In addition, the Court notes that as part of the plea agreement, Petitioner agreed to the following waiver of rights to appeal and collateral attack:

> WEST knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 28. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 28. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

(Crim. Dkt., ECF No. 29 at 11.)

It is not clear from Petitioner's motion why he believes he is serving a 124-month sentence. However, piecing together information from the numerous filings submitted by Petitioner in both this case and his closed criminal case, the Court believes Petitioner is attempting to assert that he is not being properly credited with time spent in detention prior to the date of his sentence under 18 U.S.C. § 3585(b). (*See* ECF Nos. 39, 50; Crim. Dkt. ECF Nos. 56 & 58). In particular, Petitioner seems to be arguing that he is entitled to credit for time spent subject to home detention while released on bail. (*See* ECF No. 49). To the extent this is Petitioner's argument, Petitioner has not established the Court has jurisdiction to hear this matter. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (citations omitted)). The Attorney General is responsible for determining the amount of credit an offender is entitled to under § 3585(b), *United States v. Wilson*, 503 U.S. 329 (1992), and a petitioner must first "exhaust

11

his administrative remedies with the Bureau of Prisons before he may seek review of sentencing credit in the district court," *United States v. D'Ambrosia*, 75 F. App'x 82, 83 (3d Cir. 2003). Although Petitioner makes some passing references to the Bureau of Prisons, (*see* Crim. Dkt. ECF No. 58 (referencing "FCI Fort Dix records staff [i]nability to [f]ollow BOP policy")), in light of the unclear and occasionally inconsistent nature of Petitioner's filings, these few references do not satisfy the Court that Petitioner has exhausted his administrative remedies.

Petitioner's contention that his sentence was a miscarriage of justice is not supported by the record. First, as noted above, Petitioner's claim appears to arise out of his mistaken belief that he is serving a 124-month sentence, however, Petitioner is *not* serving such a sentence, at least not according to the record. As to whether the 95-month sentence the Court did impose was inappropriate, the record shows that the Court rejected the sentence recommended by the PSR, and honored the sentence agreed to by the parties in the plea agreement. Hence, any contention that the information within the PSR may have caused the Court to deviate from the plea agreement is simply without factual support and merit. As such, relief on this ground is denied.

### E. Application for Summary Judgment

Also pending before the Court are Petitioner's application for summary judgment, (ECF No. 44), and application for *in forma pauperis* status, (ECF No. 37). Petitioner's bases for moving for summary judgement are that Respondent's Answer was untimely, and that exhibits submitted with the Answer were previously undisclosed. To begin, the Answer was not untimely. On June 12, 2015, Petitioner filed a motion to amend, (ECF No. 20), which the Court granted on June 24, 2015, giving Petitioner 30 days to file his amendments (ECF No. 21). The Court also granted Respondent an additional 60 days to file an answer, on account of Petitioner's amendments. (*Id.*) Thereafter, Petitioner submitted two amendments, (ECF Nos. 24 & 25), the last of which was

submitted on August 14, 2015, which was itself untimely in violation of the Court's June 24, 2015 order. On September 18, 2015, Respondent filed a motion requesting permission to interview Petitioner's trial counsel, in order to properly investigate the validity of Petitioner's ineffective assistance of counsel claims. (ECF No. 27.) The Court granted that request on May 10, 2016, and gave Respondent an additional 30 days to file an answer. (ECF No. 38.) Before that 30 days expired, Respondent filed the Answer. (ECF No. 42.) Therefore, the Answer was timely.

Regardless, the Court is required to review the entire record, including records of Petitioner's criminal proceedings, before deciding whether relief should be granted. *See* 28 U.S.C. § 2255(b) (requiring the court to review "the motion and the files and records of the case" in adjudicating a § 2255 motion). A substantive review and analysis of the record cannot be circumvented by motion practice based on the government's lateness in answering the Motion—the Court is aware of no precedent, and Petitioner cites none, granting habeas relief as a form of sanction for the government's failure to serve a timely answer. *See In re West*, 591 F. App'x 52, 54 n.3 (3d Cir. 2015) ("Even if the Government had failed to respond to the § 2255 motion, it does not follow that West is entitled to a default judgment.") (citing *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990)); *United States v. Dill*, 555 F. Supp. 2d 514, 521 (E.D. Pa. 2008) ("[W]ere district courts to enter default judgments without reaching the merits of [a habeas] claim, it would be not the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them.") (quoting *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984)).

With regard to Petitioner's assertion that Respondent's exhibits have not previously been disclosed, again, Petitioner cites to no authority that summary judgment should be granted on that basis. Furthermore, it is obvious that Respondent provided copies of these exhibits to Petitioner

as part of its obligation to serve the Answer under the federal civil rules, and Petitioner had a chance to respond to the Answer and the attached exhibits when he filed his reply. (*See* ECF No. 43.) Petitioner cites to no authority, and the Court is aware of none, that requires Respondent to produce these exhibits prior to the filing of its Answer.

But most importantly, Petitioner should have been well aware of these exhibits long before the filing of the instant Motion. The exhibits Respondent submitted are: (1) the search warrant; (2) the criminal complaint; (3) the grand jury indictment; (4) transcript of the plea hearing; (5) transcript of the sentencing hearing; and (6) the plea agreement. These were all records from Petitioner's criminal proceeding that is the subject of the instant Motion, and he had unfettered access to each and every one of these documents during the course of that criminal proceeding. In fact, with the exception of the search warrant, every other document was, and still is, on the docket of the criminal case. (*See* Crim. Dkt.) As to the search warrant, Petitioner, or at the very least his mother, should have already received a copy at the time when the search was effectuated; indeed, nowhere in the Motion does Petitioner allege that the search was carried out without a warrant at all. Petitioner's allegation that these documents were never previously disclosed is not supported. It is possible Petitioner may not have seen some of these documents personally, but that oversight cannot be attributed to Respondent. Accordingly, not only does the Court lack authority to grant summary judgment based on Petitioner's allegations, the allegations themselves are plainly contrary to the record and the facts of this case. Summary judgment is denied.

As for the *in forma pauperis* application, Local Civil Rules state that, for habeas cases, a petitioner "shall . . . submit a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of

the certification." L. Civ. R. 81.2(b). "If the prison account of any petitioner or movant exceeds $200, the petitioner or movant shall not be considered eligible to proceed *in forma pauperis*." L. Civ. R. 81.2(c). Here, as part of his application, Petitioner submits a certification by a prison official stating that the greatest amount in Petitioner's account during the six-month period prior to certification was $300.00. (ECF No. 37 at 3.) This amount exceeds the maximum allowable to be eligible for *in forma pauperis* status. As such, Petitioner's *in forma pauperis* application is denied.

## IV.  CONCLUSION

For the reasons set forth above, Petitioner's Motion is DENIED without prejudice. Petitioner's applications for summary judgment and *in forma pauperis* status are DENIED.[3]

Dated: January 17, 2017

Claire C. Cecchi, U.S.D.J.

---

[3] Because the Court is denying the Petition, Petitioner's motion for an evidentiary hearing, (ECF No. 47), is denied as moot.